No. 845
### VETTER v. BAUER

Ohio Appeals 8th Dist., Cuyahoga Co.

No. 5701.   Decided May 25, 1925

Judges Mauck, Sayre and Middleton, 4th Dist., sitting.

297.   CONTRACT—Where to become operative upon some future contingency, parol testimony is admissible to show that fact.

MAUCK, P. J.

Harry Vetter brought his action in the Cleveland Municipal Court on a contract with William Bauer, by which he was employed as an architect in making plans for the remodeling and constructing a partially completed residence.

It is unclear from the statement of claim whether Vetter was seeking to recover for a partial performance, on a quantum meruit basis or for damages for breach of contract. It seems from the amended statement of reply that the contract whereby Vetter was engaged as an architect, was to be operative only in case he made such plans that the desired work might be accomplished not in excess of $10,000.

The case was tried to the court and resulted in a judgment for Bauer. Error was prosecuted, and it was claimed by Vetter that the trial court erred in admitting testimony offered by Bauer to the effect that the understanding between the parties was that he, as architect, was to draw plans that would bring the cost of the improvement within $10,000. . It was further urged that this admission of testimony was in violation of the rule inhibiting the use of parol testimony to contradict the terms of a written agreement. The Court held:

1.   The testimony offered and received by the lower court did not come within this rule; as it is clear that if the contract had been fully performed and a recovery sought by Vetter for compensation to which he would have been entitled, he would have to resort to evidence extrinsic of the contract to have made his case, for the contract fixes the compensation as 10% of the basic rate.

2.   This amount could have been ascertained only by facts outside of the contract; and parol evidence would have consequently been

admissible under the doctrine that the rule excluding it did not apply because of the contract being incomplete upon its face.

3.   This testimony was admissible however because it did not contradict the written contract, but only tended to show under what conditions it would become effective.

4.   It is a universal rule that where a contract in writing is not to operate except upon the happening of some future contingency, that fact may be shown by parol testimony.

5.   There was, therefore, no error in receiving the testimony and if the court believed it, as he had a right to do, there is no error in the judgment.

Judgment affirmed.

Attorneys—Mills, Knight, & Miller for Vetter; Alvord L. Bishop for Bauer; all of Cleveland.